ALAVA & ITURREGUI, PLAINTIFF AND APPELLANT, v. THE PEOPLE OF PORTO RICO, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an action for damages.

No. 1017.—Decided February 2, 1914.

ACTION AGAINST PEOPLE OF PORTO RICO—CONSENT OF PEOPLE OF PORTO RICO TO BE SUED—DESTRUCTION OF PROPERTY BY SANITATION SERVICE.—Section 32 of Act No. 81 of March 14, 1912, only authorizes the bringing of suits against The People of Porto Rico by the owner of a property which has been unjustly and illegally destroyed or damaged by order of the Sanitation Service and not by third persons who have suffered indirectly by said destruction.

ID.—CONSTRUCTION OF LAW.—Section 32 of Act No. 81 of March 14, 1912, in which The People of Porto Rico consents to be sued in certain cases, must be construed strictly, for its provisions impair the Sovereignty and tend to limit its power.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for appellant.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an action brought against The People of Porto Rico wherein the plaintiff appealed from the judgment of the District Court of San Juan, Section 1, sustaining the demurrer of the respondent and dismissing the complaint on the ground that it had no jurisdiction because The People of Porto Rico had not consented to be sued.

The appellant does not deny that the consent of The People of Porto Rico is necessary in order that it may be sued, and, besides, it has been so decided by the Supreme Court of the United States in the case of *The People of Porto Rico* v. *Rosaly,* 227 U. S., 271, but contends that such consent has been given for the present action by section 32 of Act No. 81 to reorganize the Sanitation Service, approved March 14, 1912. The pertinent part of said section is as follows:

"Section 32.—That every person whose property may have been unjustly or illegally destroyed or injured by the enforcement of any order, regulation, ordinance, or by any action taken by the Service of Sanitation, or by its employees or agents exempt from personal liability, may maintain the appropriate action against the Government of Porto Rico for the recovery of proper damages; but in such cases *   *   *."

There is no doubt that that provision embodies the consent of The People of Porto Rico to be sued in the cases stated therein, provided that certain requisites be complied with prior to bringing the action. But a question arises in this case because the plaintiff is not the owner of the property whose illegal and unjust destruction, according to the complaint, was ordered and carried out by the Service of Sanitation, but another third person who alleges that he has been damaged by the order given and executed against the owners of the house which is occupied in part by the appellant as lessee.

Section 32 under discussion is clear. In accordance therewith The People of Porto Rico consents to be sued for damages by persons whose property has been unjustly or illegally

destroyed by order of the Service of Sanitation, but no consent is given to be sued by persons whose property was not ordered to be destroyed or injured by the same although they may have suffered damages as a consequence of the unjust order issued against another third party. In other words, the act only authorizes suits for damages against The People of Porto Rico by those persons whose property the Service of Sanitation has destroyed or injured. Consequently, if the Service of Sanitation had ordered unjustly the destruction of the appellant's property, he would have the right to sue the respondent for the damages sustained by reason of the fulfilment of such order without previously having to ask the consent of the Legislative Assembly; but when, as in the present case, the order was not to destroy property of the appellant, the damages which he may have suffered by the carrying out of an unjust order against another third person, cannot be recovered from The People of Porto Rico without first having obtained its consent, because section 32 of the act does not refer to this class of persons.

The foregoing principle is exceedingly clear to us and requires no construction, but if it were doubtful we should reach the same conclusion, because as it is an exception to the general rule that The People of Porto Rico cannot be sued without its consent, it must be construed strictly, for its provisions impair the Sovereignty and tend to limit its power. 24 Tex. Rep., 504; Sutherland on Statutory Construction, pp. 286, 494; *Raymond* v. *United States,* 28 Am. St. Rep., 382.

Moreover, section 31 of the same act, of which section 32 is a continuation, corroborates what we have stated. By section 31 the Service of Sanitation is empowered to remove or abate a public nuisance when the owner, agent, or tenant of the property where the same exists has failed to do so; and by section 32 an action for damages is allowed when the said order is unjust or illegal. Considering the two sections together, we must reach the conclusion that by the said act The

People of Porto Rico has consented to be sued for damages caused by an illegal or unjust order, but has made no provision for cases where indirect or mediate damages have been suffered by other persons and it has not consented to be sued by them.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.